**FOLEY & LARDNER LLP**

Alissa M. Nann
90 Park Avenue
New York, New York 10016
Phone: (212) 338-3578
Email: anann@foley.com

-and-

Erika L. Morabito
Brittany J. Nelson
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C.  20007-5109
Phone: (202) 672-5300
Email: bnelson@foley.com

*Counsel for Plaintiff Airlines Reporting Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AIRLINES REPORTING CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>BEGATOR HILA, INDIVIDUALLY AND )<br>AS TRUSTEE OF THE BEGATOR HILA )<br>AND ELVIRA EJUPI LIVING TRUST; )<br>ALBANIA TRAVEL & TOUR, INC.; 1703 )<br>BATH AVENUE, LLC; 1721 BATH )<br>AVENUE, LLC; B&S OPTIMUM LLC; )<br>HILA LLC; AND ELVIRA EJUPI, AS )<br>TRUSTEE OF THE BEGATOR HILA AND )<br>ELVIRA EJUPI  LIVING TRUST, )<br><br>Defendants. )<br> )| Civil Action No.  _____ |

## COMPLAINT

COMES NOW, Plaintiff Airlines Reporting Corporation ("ARC"), by counsel, for its

complaint (the "Complaint") against Begator Hila, individually, Albania Travel & Tour, Inc.,

and Begator Hila and Elvira Ejupi, as trustees of The Begator Hila and Elvira Ejupi Living Trust, states as follows:

## THE PARTIES

1.      Plaintiff ARC is a Delaware corporation with its principal place of business at 3000 Wilson Boulevard, Suite 300, Arlington, Virginia 22201. ARC is a citizen of the state of Virginia and Delaware.

2.      Defendant Begator Hila ("Hila") is an adult individual whose last known address is 1703 Bath Avenue, Brooklyn, New York, 11214.  Hila is a citizen of New York. Upon information and belief, Hila has held himself out as the president, chief executive officer, manager and/or owner of record of each of Albania Travel, 1703 LLC, 1721 LLC, and Hila LLC (each as defined below).

3.      Defendant Albania Travel & Tours, Inc. ("Albania Travel") is a dissolved New York corporation with a former principal place of business at 1703 Bath Avenue, Brooklyn, New York, 11214.  Albania is facially a citizen of New York.

4.      Defendant 1703 Bath Avenue, LLC ("1703 LLC") is a dissolved New York limited liability company with a principal place of business at 1703 Bath Avenue, Brooklyn, New York, 11214.  Upon information and belief, 1703 LLC is a shell company and the alter-ego of Hila. 1703 LCC is facially a citizen of New York.

5.      Defendant 1721 Bath Avenue, LLC ("1721 LLC") is a dissolved New York limited liability company with a principal place of business at 1703 Bath Avenue, Brooklyn, New York, 11214.  Upon information and belief, 1721 LLC is a shell company and the alter-ego of Hila. 1721 LLC is facially a citizen of New York.

2

6.     Defendant Hila LLC ("Hila LLC") is a dissolved New York limited liability company with a principal place of business at 1703 Bath Avenue, Brooklyn, New York, 11214. Upon information and belief, Hila LLC is a shell company and the alter-ego of Hila. Hila LLC is facially a citizen of New York.

7.     The Begator Hila and Elvira Ejupi Living Trust (the "Trust") is purportedly an estate planning trust with an address of 1703 Bath Avenue, Brooklyn, New York, 11214, and Defendant Hila and Defendant Evlira Ejupi are the trustees of the Trust (the "Trustees"). The Trustees are citizens of New York.

8.     Defendant B&S Optimum LLC ("B&S Optimum") is a New York limited liability with a principal place of business at 1703 Bath Avenue, Brooklyn, New York, 11214. B&S Optimum is a citizen of New York.

## JURISDICTION

9.     This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between a Plaintiff of different states than each of the Defendants.

10.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because (i) Defendants are residents of and therefore subject to personal jurisdiction in this District, (ii) events or omissions that give rise to the claims occurred in this District, and (iii) property that is the subject of the action is situated in this District.

## FACTUAL ALLEGATIONS

11.    ARC is a corporation whose stockholders are the principal scheduled airlines of the United States (the "Carriers"). ARC serves as a national clearinghouse and authorized agent for issuing documents and other forms ("ARC Traffic Documents") to travel agents to be used as air passenger tickets by the travel agents to their customers. All orders for ARC traffic

3

documents are either submitted directly to or are routed through ARC for approval before airplane tickets are issued to individuals or entities.

12.     ARC maintains an agency list of persons and entities qualified or accredited to issue ARC Traffic Documents.

13.     ARC enters into the standard form Agent Reporting Agreement ("ARA") with each travel agent that is accredited.  The ARA, among other things, governs the issuance of the ARC Traffic Documents and the handling of funds related thereto.

14.     In order to maintain accreditation and to reflect modifications of the ARA, agents are periodically required by ARC to execute a standard Memorandum of Agreement to the ARA. Execution of the Memorandum of Agreement binds the agent to the terms of the ARA, as amended.

15.     Albania Travel entered into the most recent ARA with ARC as evidenced by the Memorandum of Agreement executed by Hila as owner of Albania Travel and effective as of August 15, 2005.  A copy of the ARA and a copy of the signed Memorandum of Agreement are attached hereto as Exhibits A and B, respectively.

16.     The ARA authorized Albania Travel to order and receive ARC Traffic Documents, including ticket stock, from ARC and to use documents to issue airline tickets and other instruments of value in connection with sales of air transportation to the general public. The ARA required Albania Travel to hold unused ARC Traffic Documents in trust for ARC and the Carriers.

17.     In particular, Section XII D. of the ARA states:

> All ARC Traffic Documents (including ARC-issued numbers used in an electronic format) supplied the Agent shall be held in trust for ARC by the Agent until issued to the Agent's clients to cover transportation or ancillary services purchased, or until otherwise

satisfactorily accounted for to ARC or the Carrier, and shall be surrendered upon demand, together with all Airline Identification Plates, to ARC pursuant to this Agreement.

18.     Section VII B. of the ARA required Albania Travel to designate a bank account (the "Bank Account") for the benefit of ARC and the Carriers, and to deposit the proceeds from the sales of ARC Traffic Documents into the Bank Account for the benefit of ARC and the Carriers with all monies to be held in trust until accounted for to ARC and the Carriers.

19.     Section VIII A. of the ARA required that Albania Travel and Hila prepare weekly sales reports containing all ARC Traffic Documents issued to the travel agent's clients during the previous Monday through Sunday.  Based on these sales reports, ARC is authorized by the ARA to draw funds from the Bank Account in that amount payable to ARC on a weekly basis.

20.     Under Section XXIX G., ARC is agreed to be the real party in interest to bring suit to collect sums due to ARC or the Carriers.

**A.     Defendants' Actionable Conduct**

21.     Between July 2012 and June 2013, Albania Travel, within the State of New York, submitted numerous ticket sales to ARC, which were then exchanged and manually voided by Hila or persons at his direction or under his control with his knowledge, after which the passengers flew on the manually voided tickets (without the knowledge of ARC or the Carriers). Albania Travel then received, in New York, refunds from ARC for the original ticket price.

22.     The ARA required these refunds, which Albania Travel improperly obtained, to be deposited into the Bank Account to be returned to ARC because of the actual use of the voided tickets.

23.     Upon information and belief, Hila converted and defalcated these illegally obtained refunds to his personal use, including but not limited to, (i) the purchase of real property located at 1721 Bath Ave, Brooklyn, New York; (ii) the purchase of real property located at 269

5

82nd Street, Brooklyn, New York and/or (iii) the granting of a mortgage to B&S Optimum, each as further described below.

24.    On or about June 11, 2013, ARC conducted an audit and review of Albania Travel (the "Audit").  As a result of the Audit, ARC found several violations of the ARA by Albania Travel, including violations of Section XV and VIII.

25.    Following the Audit, on or about June 11, 2013, an ARC representative made a demand that Albania Travel return the ARC traffic documents and airline identification plates in its possession, pursuant to Section XV of the ARA and advised that if such property was not returned, the ARA would be terminated without further notice.  See "Section XV Violations by Agent, Amended Notice", dated June 11, 2013, attached hereto as Exhibit C.

26.    Albania Travel did not meet ARC's demands and on June 21, 2013, the ARA was terminated.

27.    Albania Travel filed a review of ARC's demand and termination of the ARA with the Office of Travel Agent Arbiter in Manassas, Virginia. On June 26, 2013, the Travel Agent Arbiter found that ARC's demand was proper and dismissed Albania Travel's appeal.

28.    On March 26, 2014, ARC sent a demand letter (the "Demand Letter") to Hila and Albania Travel, demanding amounts due and owing to ARC from Albania Travel and Hila in an amount of not less than $250,084.11.  See Demand Letter, dated March 26, 2014, attached hereto as Exhibit D.

29.    Albania Travel was dissolved on June 26, 2014, three months after ARC sent its Demand Letter.  See corporate information for Albania Travel from NYS Division of Corporations website, attached hereto as Exhibit E.

30.    As of the date of the filing of this Complaint, after taking into account all payments and credits, the amount due and owing ARC from Albania Travel and Hila is not less than $250,084.11 (the "ARC Funds").  A summary calculation of the ARC Funds is attached hereto as Exhibit F.

31.    As of the date of this filing of this Complaint, Hila and Albania Travel have failed to pay to ARC any portion of the amounts due and owing under the terms of the ARA or as a result of their improper conduct as described herein.

32.    The ARA specifically allows for ARC to recover its attorneys' fees and costs if ARC is forced to file an action to recover sums owed to it by the agent.  See Exhibit A, ARA Part VIII, Section (D)(1)(e)(1), p. 11 (stating that the "Agent shall also be liable to ARC for any and all attorney's fees and costs actually incurred by ARC for the collection of such sums owing by the Agent.").

B.    **Real Property Transfers**

(i)    The Bath Ave Properties

33.    On or about February 13, 2013, during the time that Albania Travel and Hila were converting funds from ARC, Hila purchased the real property located at 1721 Bath Avenue, Brooklyn, New York ("1721 Bath Ave") for a sum of $595,000, the majority of which was funded by a $400,000 loan.  Upon information and belief, Hila purchased 1721 Bath Ave using ARC Funds.

34.    On or about June 27 and June 28, 2013 (in the days following the dismissal of Albania Travel's appeal), Hila formed in New York 1703 LLC and 1721 LLC, respectively (together, the "Bath Ave LLCs").  See corporate information for Bath Ave LLCs from NYS Division of Corporations website, attached hereto as Exhibit G.

35.    On or about July 8, 2013, shortly after Albania Travel's appeal was dismissed, Hila transferred assets out of his name and into the Bath Ave LLCs, including (i) real property located at 1703 Bath Avenue, Brooklyn, New York to 1703 LLC and (ii) 1721 Bath Ave to 1721 LLC.  See New York Recorder Records, attached hereto as Exhibit H.  The real properties at 1703 Bath Avenue, Brooklyn, New York and 1721 Bath Avenue, Brooklyn, New York shall be collectively referred to herein as the "Bath Ave Properties."

36.    The Bath Ave Properties were transferred to the Bath Ave LLCs for no consideration.

37.    Hila was the managing member of both of the Bath Ave LLCs.

38.    Upon information and belief, the Bath Ave LLCs, alter-egos of Hila, were formed for the purpose of aiding and abetting Hila's wrongful conduct and to insulate the ARC Funds he converted by acquiring the Bath Ave Properties under a name other than his own.  The Bath Ave LLCs also were formed for the purpose of committing actual fraudulent conveyances in violation of New York law.  The formation of the Bath Ave LLCs had no other legitimate business purpose.

39.    On February 7, 2014, Hila, as managing member of the Bath Ave LLCs, conveyed, by quitclaim deed, both of the Bath Ave Properties from the Bath Ave LLCs to the Trust.  See New York Recorder Records, attached hereto as Exhibit I.

40.    Upon information and belief, Hila effectuated such transfers to further secret these assets from legitimate creditors.

41.    The Bath Ave Properties were transferred to the Trust for no consideration.

42.    Hila and Elvira Ejupi are the trustees of and control the Trust.

43.     Each of the Bath Ave LLCs was then dissolved in April 2014, shortly after the property transfers and after ARC sent its Demand Letter.  See Ex. G.

(i)     The 82nd Street Property

44.     On April 22, 2013, Hila formed an additional entity – Hila LLC.  See corporate information for Hila LLC from NYS Division of Corporations website, attached hereto as Exhibit J.  Hila was the managing member of Hila LLC.

45.     On July 1, 2013, shortly after the dismissal of Albania Travel's appeal, Hila LLC purchased real property located at 269 82nd Street, Brooklyn, New York ("82nd Street Property") from 269 82nd Street LLC, allegedly for $800,000.  See New York Recorder Records, attached hereto as Exhibit K.

46.     Upon information and belief, Hila, an alter-ego of Hila, purchased the 82nd Street Property using ARC Funds.

47.     Upon information and belief, Hila LLC, an alter-ego of Hila, was formed for the sole purpose of holding the 82nd Street Property, so that it did not have to be held in Hila's name and thus be subject to potential attachment once ARC obtained a judgment.  Hila LLC had no other bona fide business purpose.

48.     On or about February 7, 2014, Hila, as managing member of Hila LLC, conveyed, by quitclaim deed, the 82nd Street Property to the Trust.  The 82nd Street Property was transferred to the Trust for no consideration.  See New York Recorder Records, attached hereto as Exhibit L.

49.     Hila LLC was then dissolved in April 2014, shortly after the 82nd Street Property transfer, and after ARC sent its Demand Letter.  See Ex. J.

        (iii)    The Virginia Complaint and Further Transfers

50.    On January 26, 2015, ARC filed a complaint (the "Virginia Complaint") in the Circuit Court of Virginia, Arlington County ("Virginia Court") against defendants Hila, individually and as Trustee of the Trust, Elvira Ejupi, as Trustee of the Trust, and Albania Travel, Civil Action No. CL 15-201 (the "Virginia Action").   The Virginia Complaint specifically identifies the Bath Ave Properties and the transfers of same from Hila's name to the Bath Ave LLCs and then to the Trust as fraudulent conveyances.

51.    On February 20, 2015, several days after receiving service of the Virginia Complaint, Hila, as trustee and alter-ego of the Trust, transferred 1703 Bath Avenue from the Trust to B&S Optimum, for an alleged purchase price of $1.25 million, with Hila and Ms. Ejupi acting as private party lenders to B&S Optimum for a mortgage in the amount of $400,000.  See New York Recorder Records, attached hereto as Exhibit M.

52.    Upon information and belief, Hila converted his interest in 1721 Bath Ave, which was obtained using ARC Funds, to cash and a mortgage for $400,000.

53.    After litigation over service of process in issues in Virginia, ARC moved to "nonsuit" (dismiss) the Virginia Action without prejudice.  On October 16, 2015, the Virginia Court granted ARC's motion to nonsuit the Virginia Action, and such action was dismissed without prejudice.

## COUNT ONE:  BREACH OF CONTRACT
### (Against Defendant Albania Travel)

54.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

55.    Despite the contractual obligations to do so, Albania Travel failed to deposit the proceeds from the sales of ARC Traffic Documents into the Bank Account for the benefit of

ARC for the benefit of the Carriers with all monies to be held in trust until accounted for under the ARA, thereby breaching the ARA.

56.    Despite the contractual obligations to do so, Albania Travel failed to properly report all of the agency's sales, thereby breaching the ARA.

57.    Despite the contractual obligations to do so, Albania Travel failed to properly remit proceeds of the reported sales to ARC, including the amounts it received for the voided tickets, thereby breaching the ARA.

58.    ARC has performed all conditions required of it under the ARA, including all conditions precedent.

59.    As a result of Albania Travel's breach, ARC has been damaged in an amount not less than $250,084.11.

60.    By reason of the foregoing, ARC respectfully requests that judgment be entered in its favor and against Defendant Albania Travel for breach of contract and that ARC be awarded monetary damages not less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs, and for any further relief this Court may deem proper and just.

## COUNT TWO:  BREACH OF FIDUCIARY DUTY
### (Against Defendants Albania Travel and Hila)

61.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

62.    The ARA, particularly Section XII, created an express trust relationship between ARC and Albania Travel and its owner Hila as to the ARC Traffic Documents and Albania Travel's and Hila's obligations regarding funds and credit card billings received from customers, less applicable commissions,

63.    In addition, ARC placed special confidence and reliance upon Albania Travel and Hila to receive and use the ARC Traffic Documents as permitted under the ARA and also hold all monies and credit card billings, less applicable commissions, in trust for ARC until such monies and billings were paid by Albania Travel and Hila through the procedures set forth in the ARA.

64.    Albania Travel and Hila were in the position to and did exercise control over the ARC Traffic Documents and monies and credit card billings received from their customers with the knowledge of the obligation to hold and remit to ARC all sums due pursuant to the ARA.

65.    Despite the undertakings of these fiduciary duties, Albania Travel and Hila deliberately failed to adhere to the terms of trust, and acted to ARC's detriment and contrary to the terms of trust.

66.    In breach of these fiduciary duties and special relationships, Albania Travel and Hila appropriated for their own use and benefit a sum of not less than $250,084.11, all of which was to be held in trust in the Bank Account for ARC's benefit.

67.    Consequently, ARC suffered damages in the amount of no less than $250,084.11 caused by the breaches of fiduciary duties of Albania Travel and Hila.

68.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants Albania Travel and Hila for breach of fiduciary duty and that Plaintiff ARC be awarded monetary damages in an amount not less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs, and for any further relief this Court may deem proper and just.

## COUNT THREE:  CONVERSION

### (Against Defendants Albania Travel and Hila)

69.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

70.    Albania Travel and Hila ordered, received and/or used large numbers of ARC Traffic Documents in electronic and/or paper format from ARC, ostensibly for use in accordance with the ARA.

71.    Pursuant to Section XII of the ARA, the proceeds from the sales of transactions issued on ARC Traffic Documents are the property of ARC for itself and the Carriers to be held in trust until accounted for by ARC to the Carrier.

72.    Albania Travel and Hila knew that the ARA required that the agent must (i) remit to ARC weekly reports of tickets and other transactions issued on ARC Traffic Documents during the preceding week and (ii) deposit the proceeds from the sale of the ARC Traffic Documents in the designated Bank Account.

73.    Despite knowledge of ARC's rights and their own duties under the ARA, including their fiduciary duties to ARC and ARC's property, Albania Travel and Hila wrongfully applied and converted the ARC Traffic Documents and the proceeds of same, depriving ARC of its ownership rights in such property.

74.    Despite demand by ARC, Albania Travel and Hila have failed and refused to return to ARC the rightful sum due it, in an amount not less than $250,084.11, thus exercising improper dominion and control over ARC's property rights and interests therein.

75.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants Albania Travel and Hila for conversion and that Plaintiff ARC be awarded monetary damages in an amount not less than $250,084.11, plus

interest at the judgment amount and attorneys' fees and costs, and for any further relief this Court may deem proper and just.

## COUNT FOUR:  CONSTRUCTIVE TRUST/EQUITABLE LIEN
### (Against Defendants the Trustees, on behalf of the Trust, and B&S Optimum)

76.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

77.    Through the ARA, Albania Travel and Hila undertook fiduciary duties to ARC and the Carriers to hold all monies and credit card billings, less applicable commissions, in trust for ARC until such monies and billings were paid by Albania Travel and Hila through the procedures set forth in the ARA.

78.    Despite the undertakings of these fiduciary duties as set forth in Section XII of the ARA by the special trust and confidence placed by ARC in them, Albania Travel and Hila deliberately failed to adhere to the terms of trust, and acted to ARC's detriment and contrary to the terms of trust.

79.    In breach of these fiduciary duties and relationships, Albania Travel and Hila appropriated for their own use and benefit the ARC Funds, in a sum of not less than $250,084.11, all of which was to be held in trust in the Bank Account for ARC's benefit.

80.    Upon information and belief, Hila converted and defalcated the ARC Funds to his personal use, including but not limited to, (i) the purchase of 1721 Bath Ave; (ii) the purchase of the 82nd Street Property and/or (iii) providing a mortgage to B&S Optimum (collectively, the "ARC Fund Assets").  Upon information and belief, the ARC Fund Assets are assets procured using the misappropriated ARC Funds, and, consequently, any such ARC Funds Assets acquired with the ARC Funds should be held in constructive trust and paid to Plaintiff.

14

81.     Hila and/or his Alter-Egos transferred 1721 Bath Ave and the 82nd Street Property to the Trust, which did not provide any consideration to ARC in exchange for such transfers.

82.     B&S Optimum received the benefit of a mortgage, as a result of Hila's conversion of his interest in 1721 Bath Ave, without providing any consideration to ARC.

83.     Accordingly, the Trust and B&S Optimum were unjustly enriched as they received the ARC Fund Assets, or the benefit of same, without providing fair consideration to ARC.

84.     Under these circumstances, equity and good conscience require that the ARC Fund Assets be held in trust for the benefit of ARC in order to prevent the unjust enrichment of the Defendants.

85.     By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants the Trustees, on behalf of the Trust, and B&S Optimum requiring that all of the ARC Fund Assets received by Defendants be placed in a constructive trust for the benefit of the Plaintiff ARC, in an amount not less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs, and for any further relief this Court may deem proper and just, including an accounting and equitable lien against the ARC Fund Assets.

## COUNT FIVE:  ALTER EGO/CORPORATE VEIL
### (Against Defendants Hila, 1703 LLC, 1721 LLC, Hila LLC and the Trustees, on behalf of the Trust)

86.     Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

87.     As alleged above, at all relevant times herein, Hila exercised control over 1703 LLC, 1721 LLC, Hila LLC and the Trust such that each named entity had no separate corporate existence.

88.     Hila, by his complete exercise of dominion and control over the Alter-Egos, is the alter ego of 1703 LLC, 1721 LLC, Hila LLC and the Trust (collectively, the "Alter-Egos").

89.     The Alter-Egos were each under the direction and control of Hila personally, as managing member of each of the Bath Ave LLCs and Hila LLC, and as trustee of the Trust.  At all relevant times, Hila has used and continued to use the Bath Ave LLCs, Hila LLC, the Trust, and the assets of these entities for his own improper purposes.

90.     Hila exercised control over the Alter-Egos to commit a fraud or wrong, and ARC has been proximately injured thereby.

91.     As alleged above, Hila transferred the Bath Ave Properties to the Bath Ave LLCs. Upon information and belief, the Bath Ave LLCs were formed for the sole purpose of holding the Bath Ave Properties in a name other than Hila's name in order to hide these assets from Hila's legitimate creditors and to avoid any demand or judgment against Hila by ARC for violations of the ARA.  The Bath Ave LLCs had no legitimate business purpose.

92.     Upon information and belief, Hila LLC was formed for the sole purpose of holding the 82nd Street Property so that such property was not held in Hila's name, to hide this asset from Hila's legitimate creditors and to avoid any demand or judgment against Hila by ARC for violations of the ARA.  Hila LLC had no legitimate business purpose.

93.     As alleged above, Hila, as managing member of the Bath Ave LLCs and Hila LLC, directed the transfer of the Bath Ave Properties and the 82nd Street Property to the Trust. Hila also controlled the Trust as trustee of same.

94.    Upon information and belief, the Trust was formed for the sole purpose of holding the Bath Ave Properties and the 82nd Street Property so that such property was not held in Hila's name, to hide this asset from Hila's legitimate creditors and to avoid any demand or judgment against Hila by ARC for violations of the ARA.  The Trust has no legitimate business purpose.

95.    The timing and circumstances of the formation and dissolution of the Bath Ave LLCs, Hila LLC and Trust, including the wrongful use the corporate registration statutes under New York law, also demonstrate the fraudulent or other wrongful use of the business entity statutes.

96.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants Hila, 1703 LLC, 1721 LLC, Hila LLC and the Trust for alter-ego, and that Plaintiff ARC be awarded monetary damages in an amount not less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs, and for any further relief this Court may deem proper and just.

### COUNT SIX:  FRAUDULENT TRANSFERS UNDER
### NEW YORK DEBTOR & CREDITOR LAW §§ 273, 278 AND/OR 279
**(Against Defendants the Alter-Egos and the Trustees, on behalf of the Trust)**

97.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

98.    On or about July 8, 2013, less than two weeks after the Travel Agent Arbiter dismissed Albania Travel's appeal of ARC's demand and termination, Hila personally conveyed (i) the real property located at 1703 Bath Avenue, Brooklyn, New York from his own name to 1703 LLC, and the (ii) real property located at 1721 Bath Avenue, Brooklyn, New York from his own name to 1721 LLC (collectively, the "Bath Ave Transfer").

99.    Upon information and belief, the Bath Ave Transfer was made to or for the benefit of the Bath Ave LLCs, and was made in exchange for little to no value.

100.    On or about February 7, 2014, Hila, as managing member and alter-ego of the Bath Ave LLCs, conveyed both of the Bath Ave Properties from the Bath Ave LLCs to the Trust, with Hila and Elvira Ejupi as Trustees (the "Trust Transfer").

101.    Upon information and belief, the Trust Transfer was made to or for the benefit of the Trust, and was made in exchange for little to no value.

102.    On or about February 7, 2014, Hila, as managing member and alter-ego of Hila LLC, conveyed the 82nd Street Property from Hila LLC to the Trust, with Hila and Elvira Ejupi as Trustees (the "82nd Street Transfer").

103.    Upon information and belief, the 82nd Street Transfer was made to or for the benefit of the Trust and made in exchange for little to no value.

104.    Upon information and belief, the 82nd Street Transfer, the Bath Ave Transfer and the Trust Transfer (each a "Fraudulent Transfer" and together, the "Fraudulent Transfers") constitute fraudulent transfers designed to defraud the creditors of Albania Travel, Hila and the Alter-Egos. [1]

105.    Each of the Fraudulent Transfers constituted a conveyance by Hila and/or the Alter-Egos as defined under section 270 of the DCL.

106.    Hila and/or the Alter-Egos did not receive fair consideration for any of the Fraudulent Transfers.

---

[1] To the extent 1703 LLC, 1721 LLC, and/or the Trust are determined to be alter-egos of Hila, as alleged above, then the Bath Ave Transfer and the Trust Transfer are collapsible and should be considered a single transaction and a Fraudulent Transfer as defined herein.  To the extent there is no determination regarding the alter-ego claim, then the Trust Transfer is a "Subsequent Transfers" as defined herein.

107.    Hila and/or the Alter-Egos were insolvent, or rendered insolvent, as a result of the Fraudulent Transfers.

108.    The Fraudulent Transfers were fraudulent as to creditors of Hila and/or the Alter-Egos without regard to the actual intent of Hila and/or the Alter-Egos.

109.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants the Alter-Egos for fraudulent transfers, pursuant to sections 273, 278 and/or 279 of the DCL as follows: (a) avoiding the Fraudulent Transfers; (b) directing that the Fraudulent Transfers be set aside; (c) recovering the Fraudulent Transfers or the value thereof, in the amount of no less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs; and (d) for any further relief this Court may deem proper and just.

### COUNT SEVEN:  FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR & CREDITOR LAW §§ 274, 278 AND/OR 279
**(Against Defendants the Alter-Egos and the Trustees, on behalf of the Trust)**

110.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

111.    Upon information and belief, Hila and the Alter-Egos made the Fraudulent Transfers to or for the benefit of the Alter-Egos.  Upon information and belief, the Fraudulent Transfers individually and collectively were fraudulent transfers designed to defraud the creditors of Hila and/or the Alter-Egos.

112.    Each of the Fraudulent Transfers constituted a conveyance by Hila and/or the Alter-Egos as defined under section 270 of the DCL.

113.    Hila and/or the Alter-Egos did not receive fair consideration for any of the Fraudulent Transfers.

114.    At the time the Fraudulent Transfers were made, Hila and/or the Alter-Egos were engaged or about to engage in a business or transaction for which the property remaining in their respective hands after each of the Fraudulent Transfers was an unreasonably small capital.

115.    The Fraudulent Transfers were fraudulent as to present and future creditors of Hila and/or the Alter-Egos, without regard to the actual intent of Hila and/or the Alter-Egos.

116.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants the Alter-Egos for fraudulent transfers, pursuant to sections 274, 278 and/or 279 of the DCL as follows: (a) avoiding the Fraudulent Transfers; (b) directing that the Fraudulent Transfers be set aside; (c) recovering the Fraudulent Transfers or the value thereof, in the amount of no less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs; and (d) for any further relief this Court may deem proper and just.

### COUNT EIGHT:  FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR & CREDITOR LAW §§ 275, 278 AND/OR 279
**(Against Defendants the Alter-Egos and the Trustees, on behalf of the Trust)**

117.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

118.    Upon information and belief, Hila and/or the Alter-Egos made the Fraudulent Transfers to or for the benefit of the Alter-Egos.  Upon information and belief, the Fraudulent Transfers individually and collectively were fraudulent transfers designed to defraud the creditors of Hila and/or the Alter-Egos.

119.    Each of the Fraudulent Transfers constituted a conveyance by Hila and/or the Alter-Egos as defined under section 270 of the DCL.

120.    Hila and/or the Alter-Egos did not receive fair consideration for any of the Fraudulent Transfers.

121.    At the time the Fraudulent Transfers were made, Hila and/or the Alter-Egos had incurred, were intending to incur, or believed that they would incur debts beyond their ability to pay as the debts matured.

122.    The Fraudulent Transfers were fraudulent as to present and future creditors of Hila and/or the Alter-Egos.

123.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants the Alter-Egos for fraudulent transfers, pursuant to sections 275, 278 and/or 279 of the DCL as follows: (a) avoiding the Fraudulent Transfers; (b) directing that the Fraudulent Transfers be set aside; (c) recovering the Fraudulent Transfers or the value thereof, in the amount of no less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs; and (d) for any further relief this Court may deem proper and just.

## COUNT NINE:  FRAUDULENT TRANSFERS UNDER
## NEW YORK DEBTOR & CREDITOR LAW §§ 276, 278 AND/OR 279
**(Against Defendants the Alter-Egos and the Trustees, on behalf of the Trust)**

124.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

125.    Upon information and belief, Hila and/or the Alter-Egos made the Fraudulent Transfers to or for the benefit of the Alter-Egos.  Upon information and belief, the Fraudulent Transfers individually and collectively were fraudulent transfers designed to defraud the creditors of Hila and/or the Alter-Egos.

126.    Each of the Fraudulent Transfers constituted a conveyance by Hila and/or the Alter-Egos as defined under section 270 of the DCL.

127.    Hila and/or the Alter-Egos did not receive fair consideration from the related transferees for any of the Fraudulent Transfers.

128.    Upon information and belief, Hila and/or the Alter-Egos made the Fraudulent Transfers with actual intent to hinder, delay and/or defraud present or future creditors.

129.    The Fraudulent Transfers were fraudulent as to present and future creditors of Hila and/or the Alter-Egos.

130.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants the Alter-Egos for fraudulent transfers, pursuant to sections 276, 278 and/or 279 of the DCL as follows: (a) avoiding the Fraudulent Transfers; (b) directing that the Fraudulent Transfers be set aside; (c) recovering the Fraudulent Transfers or the value thereof, in the amount of no less than $250,084.11, plus interest at the judgment amount and attorneys' fees and costs; (d) and for any further relief this Court may deem proper and just.

### COUNT TEN:  RECOVERY OF SUBSEQUENT TRANSFERS
### UNDER NEW YORK DEBTOR & CREDITOR LAW §§ 278 AND/OR 279
**(Against Defendants the Trustees, on behalf of the Trust, and B&S Optimum)**

131.    Plaintiff ARC incorporates the aforementioned paragraphs as though fully set forth herein.

132.    The Fraudulent Transfers are avoidable under sections 273, 274, 275, and/or 276 of the DCL, as detailed above and generally herein.

133.    Following the Fraudulent Transfers, (i) on or about February 7, 2014, the Bath Ave Properties were transferred by the Bath Ave LLCs to the Trust (the Trust Transfer, as

described above),[2] and (ii) on or about February 20, 2015, several days after receiving service of the Virginia Complaint, 1703 Bath Ave was then further transferred by the Trust to B&S Optimum (collectively, the "Subsequent Transfers"). B&S Optimum and the Trust shall be referred to collectively herein as the "Subsequent Transferees."

134.    Upon information and belief, the Subsequent Transferees had knowledge that Hila and/or the Alter-Egos made the Fraudulent Transfers and the Subsequent Transfers in order to defraud their creditors, including ARC, and that such transfers caused the insolvency of Hila and/or the Alter-Egos, as detailed above.

135.    By reason of the foregoing, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants the Trust and B&S Optimum for fraudulent transfers, pursuant to sections pursuant to sections 278 and/or 279 of the DCL as follows: (a) avoiding the Subsequent Transfers; (b) directing that the Subsequent Transfers be set aside; (c) awarding the Plaintiff the value of property transferred in the amount of no less than $250,084.11, plus interest at the judgment rate and attorneys' fees and costs; and (d) for any further relief this Court may deem proper and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARC respectfully requests that judgment be entered in its favor and against Defendants for all relief to which it is entitled pursuant to law and equity, including but not limited to an order: (a) avoiding and setting aside the Fraudulent Transfers and Subsequent Transfers; (b) awarding monetary damages in an amount of not less than $250,084.11, plus judgment interest and the costs of this action to Plaintiff, including reasonable attorneys' fees; (c) awarding to Plaintiff compensatory and punitive damages, in an amount to be

---

[2] To the extent there is no adjudication of alter-ego, as alleged herein, between Hila, 1703 LLC, 172 LLC, and the Trust, then the Trust Transfer is a Subsequent Transfer and not Fraudulent Transfer.

determined at trial; (d) impose a constructive trust on and/or an equitable lien against the ARC

Fund Assets in favor of Plaintiff; (e) requiring Defendants to provide an accounting of the ARC

Funds; (f) enjoining Defendants from transferring or encumbering any other assets to avoid

paying their debt to ARC; and (g) for any further relief this Court may deem proper and just.

Dated: January 15, 2016
          New York, New York                              Respectfully submitted,

                                              **FOLEY & LARDNER LLP**

                                              By: _____
                                                      Adam G. Pence, Esq.
                                              Alissa M. Nann, Esq.
                                              90 Park Avenue
                                              New York, New York 10016
                                              Phone: (212) 338-3578
                                              Email: anann@foley.com

                                                -and-

                                              Brittany J. Nelson, Esq.
                                              Washington Harbour, Esq.
                                              3000 K Street, N.W., Suite 600
                                              Washington, D.C.  20007-5109
                                              Phone: (202) 672-5300
                                              Email: bnelson@foley.com

                                              *Counsel for Plaintiff*
                                              *Airlines Reporting Corporation*